KAMER ZUCKER ABBOTT
Edwin A. Keller, Jr.          #6013
R. Todd Creer                  #10016
3000 West Charleston Boulevard, Suite 3
Las Vegas, Nevada 89102-1990
Tel: (702) 259-8640
Fax: (702) 259-8646

Attorneys for Defendant
Wynn Las Vegas, LLC

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GINA DANNENBRING, an individual, ) | Case No. 2:12-cv-00007-JCM-VCF |
| ) | |
| Plaintiff, ) | |
| ) | **STIPULATED PROTECTIVE ORDER** |
| vs. ) | **REGARDING MEDICAL AND** |
| ) | **OTHER CONFIDENTIAL** |
| WYNN LAS VEGAS, LLC, a Nevada limited ) | **INFORMATION PRODUCED** |
| liability company, ) | **DURING DISCOVERY** |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff Gina Dannenbring and Defendant Wynn Las Vegas, LLC, by and through their respective counsel of record, stipulate and request that this Court issue an Order protecting the confidential nature of certain medical records and other confidential information which may be produced during discovery.

I.   **Documentation, Information and Medical Records of Plaintiff.**

The parties, by and through their respective counsel of record, stipulate and request that this Court issue an Order protecting the confidential nature of certain records regarding Plaintiff made available to Defendant by Plaintiff's health care providers pursuant to subpoenas *duces tecum* served or to be served on the health care providers during discovery.

The parties acknowledge the concerns regarding the confidential nature of the documentation and information requested in the subpoenas *duces tecum* to be served on the health care providers, as well as the legal restrictions placed upon disclosure of some of the documents and information under federal and state statutory law and the potential harm that may

result through public disclosure. For this reason, the parties have agreed to the terms of this Stipulated Protective Order as follows:

    1.    The terms of this Stipulated Protective Order shall apply to documents produced by the health care providers in response to subpoenas *duces tecum*, and information contained therein or excerpted therefrom, to include: (a) Plaintiff's medical treatment records; (b) documents referencing medical treatments and/or appointment dates and times; (c) records showing billing and/or payment for services provided to Plaintiff; and (d) records and/or correspondence identifying other health care providers who provided other medical services to Plaintiff.

    2.    The documents and information referenced in Paragraph 1 above, the contents thereof and information contained therein, together with any copies of the same, are hereinafter referred to as "Confidential Patient Information." If a party produces to the other party documents that contain Confidential Patient Information as defined above, that party must designate the document, or a portion of it, as "Confidential" before producing that document to the other party. Such designation shall be made by marking, stamping or typing the words "Confidential" on the document at the time it is produced to the receiving party's counsel.

    3.    Confidential Patient Information may be used only in the above-captioned action and may not be used in any other action for any other purpose unless the party seeking to make such use either (a) acquired the material from a source independent of the above-captioned action, (b) obtains leave of the Court to do so, or (c) obtains written permission of the health care provider to do so. The parties to this case reserve their rights to assert the confidentiality of documents and information produced irrespective of their production pursuant to this Stipulated Protective Order.

    4.    Within sixty (60) calendar days of the entry of the final order concluding this judicial proceeding, all Confidential Patient Information (including all copies made) in Defendant's counsel's custody or control, shall be destroyed and/or returned to the health care providers, except as otherwise ordered by the Court. Counsel of record shall obtain return of such Confidential Patient Information from any person to whom that counsel has made available

the Confidential Patient Information. Notwithstanding any other language contained in this Order, each party's counsel of record and in-house counsel shall be allowed to retain for its files a copy of all pleadings, motions, exhibits, or other papers filed and/or lodged with the Court. All such documents and information retained by counsel of record must be maintained in a confidential manner and used only in accordance with this Stipulated Protective Order.

5. Nothing in this Stipulated Protective Order shall in any way preclude Defendant from moving to compel production of documents sought in its subpoenas *duces tecum*, but not produced pursuant to this Stipulated Protective Order. Furthermore, nothing in this Stipulated Protective Order shall in any way preclude Defendant from seeking production of documents from other health care providers by way of a subpoena *duces tecum*.

6. This Stipulated Protective Order may be amended without prior leave of the Court by the agreement of counsel for the parties in the form of a stipulation and order that shall be filed with the Court.

**II.    Confidentiality of Certain Other Information Produced During Discovery For Use in Non-Dispositive and Dispositive Motions.**

During the course of discovery in this matter, documents and information considered confidential by at least one of the parties may be disclosed, including but not limited to: medical records; tax and financial records; employment records, and personal identifying information related to current and former employees of Defendant and/or third-party individuals who are not parties to this litigation; information covered by HIPAA; information that would constitute an invasion of privacy as to that individual; documents and information related to internal security investigation procedures and processes, software, and equipment; documents and information related to slot marketing plans and processes, techniques, and software; customer lists and other private customer-related information; Defendant's trade secrets; and other proprietary information of Defendant that is not generally known to the public and having an economic value to its competitors and/or its customers. The parties agree that a protective order is necessary in light of the need to: protect confidential, proprietary, and financial information from public disclosure; the fact that the disclosure of confidential personnel records and information

could potentially subject the parties to liability from claims by such non-party employees, former employees, and/or third-party individuals; the disclosure of the confidential personnel records or information of non-party employees, former employees, and third-party individuals could harm such individuals, interfere with other job opportunities or relationships, impact their reputation, and cause them undue embarrassment and/or distress; the obligation to protect the confidential personnel records of non-party individuals; the need to protect the privacy interests of Defendant's customers; the need to protect Defendant from the harm arising from the disclosure of confidential, proprietary, and trade secret information not generally known to the public and having an economic value to its competitors, as well as the sensitive nature of Defendant's confidential internal investigations and security measures, the disclosure of which could harm employees, former employees, and/or third-party individuals; and Defendant's ability to secure data and provide a safe environment.

For these reasons, if, in the course of this action a party produces answers to interrogatories, documents, or other things which it considers constitute confidential information as defined above, there is deposition testimony which a party believes contains confidential information, or third parties produce information they assert as confidential, the following procedure shall govern pursuant to Federal Rule of Civil Procedure 26(c):

1. Any documents (and the contents thereof), things or information falling within the definitions set forth in paragraph (a) immediately following that are produced pursuant to Federal Rule of Civil Procedure 26 or in response to interrogatories and/or requests for production of documents may be designated and marked, in whole or in part, "Confidential" by the party producing the documents or information at the time the documents are made available for inspection by the other party. If so, the following procedure applies:

    a. "Confidential Information" is defined herein as medical records; tax and financial records; employment records; personal identifying information related to current and former employees of Defendant and/or third-party individuals who are not parties to this litigation; information covered by HIPAA; information that would constitute an invasion of privacy as to that individual; documents and information related to Defendant's internal security

investigation procedures and processes, software, and equipment; documents and information related to Defendant's slot marketing plans and processes, techniques, and software; Defendant's customer lists and other private customer-related information; Defendant's trade secrets; and other proprietary information of Defendant that is not generally known to the public and having an economic value to its competitors and/or its customers.

    b. "Confidential Information" as it relates to deposition transcripts and/or videotape is defined herein as those portions of deposition testimony that references or discusses Confidential Information as described above.

    c. If a party produces to the other party documents that contain Confidential Information as defined above, that party may designate a document, or a portion of it, as "Confidential" before producing that document to the other party. Such designation shall be made by marking, stamping or typing the words "Confidential" on the document at the time it is produced to the receiving party's counsel.

    d. Consistent with sub-sections 1(a) and 1(b) above, any party may designate deposition testimony as "Confidential" by orally making this designation on the record either at the commencement of the deposition, at the time the testimony is given, and/or before the end of that day's questioning. Following such designation, the court reporter shall mark "Confidential" on the transcript or portion thereof containing the "Confidential" testimony.

    e. The Parties agree to limit the use of labeling documents or deposition testimony as "Confidential" to those portions of documents or parts of deposition testimony that actually reveals Confidential Information, and in as limited fashion as possible, and agree not to designate entire transcripts or entire productions or pages of documents unless there is a good-faith belief that it is necessary to designate the entire transcripts or entire productions or pages of documents as "Confidential."

    f. In addition, documents produced by one party may be designated "Confidential" by the other party by marking the document, in whole or in part, "Confidential" in the same manner and by then forwarding a copy of the marked document to the producing

1  party.  If the documents have been numbered by the producing party, the party seeking the
2  designation may then designate by number each document it believes should be "Confidential."

3     g.  If the receiving party has no objection to the "Confidential" designation,
4  the receiving party may either expressly notify the producing party or allow the fifteen (15)-
5  calendar-day objection period set forth below to lapse.  Where there has been no objection made,
6  once the document has been produced to the receiving party the document shall be treated as a
7  "Confidential" document, respectively, pursuant to this Stipulated Protective Order.

8     2.  The following conditions shall apply in the event of an objection to the
9  designation:

10     a.  If there is an objection to the "Confidential" designation, the party so
11 objecting must notify the other party in writing of the objection and grounds for the objection
12 within fifteen (15) calendar days of the date the designation was made, and the procedure in
13 subparagraph (b), *infra*, shall apply.

14     b.  If the parties do not agree that the documents, information or testimony
15 should be treated as confidential, the parties shall attempt to resolve the issue informally.  If a
16 resolution does not occur, the party that designated the documents or testimony at issue
17 "Confidential" may file a motion with the Court to resolve the dispute.  Such motion must be
18 filed within twenty one (21) calendar days of receipt of the written objection to the designation.
19 If an objection is raised, the documents, testimony and/or information at issue shall be governed
20 by paragraphs 3-9 of this Stipulated Protective Order, and treated and regarded as "Confidential"
21 from the date of disclosure and/or production until the dispute is resolved informally by the
22 parties or a final order is issued by the Court resolving the dispute.  If the parties do not
23 informally resolve the dispute and no motion is filed by the party that designated the documents
24 "Confidential," the documents subject to the dispute shall no longer be deemed "Confidential"
25 under the terms of this Stipulated Protective Order.  In filing a motion with the Court, the party
26 proposing that the document, portion of document(s), and/or deposition testimony is Confidential
27 shall have the burden of proof of proving that coverage under the Protective Order is warranted
28 to protect the particular information in dispute.  In the event of such motion, the parties having

entered into this Stipulation and the existence of the Court's Order entered thereon shall not affect the burden of proof on any such motion, nor impose any burdens upon any party that would not exist had the stipulation and this Stipulated Protective Order not been entered.

3. A document or testimony, or portion, summary, or abstract thereof, that is to be treated "Confidential" pursuant to this Stipulated Protective Order shall not be disclosed to any persons other than the parties, counsel of record for the parties, attorneys, legal assistants and clerical personnel employed by them, and other persons to whom disclosure is necessary for purposes of this litigation. Each such person to whom a party makes such disclosure shall read this Stipulated Protective Order and acknowledge in writing that he/she is fully familiar with the terms thereof and agrees to comply with, and be bound by, this Stipulated Protective Order until modified by either further order of the Court or agreement of all the parties.

The foregoing obligations of confidentiality, except as established by the Court in this litigation, shall not apply to any of the above persons or parties to the extent that the information is available to the public at the time of production by Plaintiff or Defendant, or which is subsequently disclosed to the public, or such persons or parties by others who are not under obligations of confidentiality to Plaintiff or Defendant, or by the party which had designated the information as "Confidential."

4. If either party seeks to attach "Confidential" documents, testimony or information to a discovery or non-dispositive motion, response or reply, only those portions of the motion, response or reply pleading that contain specific reference to the contents of "Confidential" documents or information, and the exhibits that contain such "Confidential" information, shall be filed under seal. The remainder of the pleading and other exhibits, which do not contain "Confidential" information, shall be filed as publicly accessible documents unless otherwise specifically ordered by the Court.

5. If either party seeks to attach "Confidential" documents, testimony or information to a motion for summary judgment or other dispositive motion filed with the Court, and for "Confidential" documents which are identified in the joint pretrial order, the following procedures shall apply:

a. The party seeking to attach "Confidential" documents, testimony or information to a motion for summary judgment or other dispositive motion filed with the Court shall submit to the Court, separate from the motion, an application to seal documents and memorandum of points and authorities which addresses the issue of whether compelling reasons exist to seal such documents, testimony or information pursuant to Kamakana v. City and County of Honolulu, 447 F.3d 1172 (9th Cir. 2006).  If the party believes the information previously-designated as "Confidential" should remain Confidential, then the party's application will specifically present articulable facts identifying the interests favoring continuing the secrecy of the attachments, and shows that these specific interests outweigh the public's interests in disclosure sufficient to overcome the presumption of public access to dispositive pleadings and attachments.  Any application to seal documents attached to a motion for summary judgment or other dispositive motion, or for documents identified in the joint pretrial order, shall be served on opposing counsel together with the documents proposed to be filed under seal.  Opposing counsel shall have fourteen (14) days from service of any such application to seal in which to file a response as set forth in LR 7-2(b), unless otherwise ordered by the court.

(b) As an alternative to Section II, Paragraph 5(a) of this Stipulated Protective Order, any party seeking to attach "Confidential" documents, testimony, or information to a motion for summary judgment or other dispositive motion filed with the Court shall prepare a stipulation that designates a specific letter, number or other designation other than the name and/or position of each non-party listed in each "Confidential" document and/or is the subject of the "Confidential" information.* The letter, number, or other designation shall be used in place of the individual's name and/or position, which name and/or position shall be redacted and replaced by such designation, in any motion for summary judgment, other dispositive motion, or accompanying exhibit(s) filed with the Court.

6. Any "Confidential" documents, testimony, or information, or any pleading or memorandum purporting to reproduce or paraphrase all or any portion of such confidential material to be filed under seal with the Court shall be filed under seal pursuant to the procedures of the United States District Court District of Nevada's Case Management/Electronic Case Filing

* An application to file the stipulation under seal must comply with Section II, Paragraph 5(a) of this Stipulated Protective Order.

System ("CM/ECF") or as otherwise allowed or provided by the Court. To the extent that "Confidential" documents, testimony, information or documents containing information purporting to reproduce or paraphrase all or any portion of such confidential material takes the form of exhibits or supporting documents to a motion, pleading or memorandum that does not otherwise contain "Confidential" information, the "Confidential" exhibits or supporting documents shall be filed separately from the motion, pleading or memorandum under seal as provided in the CM/ECF procedures.

7. Any documents, testimony, and/or information that has been rendered "Confidential" under the parties' Stipulated Protective Order is to be used only in the above-captioned action, and may not be used in any other action or for any other purpose unless the party seeking to make such use acquired the documents, testimony, and/or information from a source independent of the above-captioned action.

8. Within sixty (60) calendar days of the entry of the final order concluding this judicial proceeding, all "Confidential" documents or things, any copies, summaries, and abstracts thereof, or notes relating thereto, shall be returned to the producing party at producing party's expense, or destroyed, except as otherwise ordered by the Court or stipulated in writing by the parties. Counsel of record shall obtain return of such information, things, and/or documents from any person to whom that counsel has made available the documents or information produced by the other party designated as "Confidential." Notwithstanding any other language contained in this Order, each party's counsel of record and in-house counsel and/or any party, to the extent that party does not have counsel of record, shall be allowed to retain for its files a copy of all pleadings, motions, exhibits, or other papers filed and/or lodged with the Court, and of all documents designated by both parties or any non-party as "Confidential" and/or summaries or abstracts thereof (including but not limited to documents of any type prepared by a party and/or counsel that are subject to the attorney-client privilege and/or the attorney work product doctrine). All such documents and information retained by counsel of record or by any party who does not have counsel of record, must be maintained in a confidential manner and used only in accordance with this Order.

1  9. This Stipulated Protective Order may be amended without prior leave of the Court by agreement in the form of a stipulation and order that shall be filed in this case.

10. The parties reserve their rights to assert the confidentiality of documents and information produced irrespective of their production pursuant to this Stipulated Protective Order.

DATED this 8th day of August, 2012.

| MARCIN LAMBIRTH, LLP | KAMER ZUCKER ABBOTT |
|---|---|
| By: /s/ John B. Marcin | By: /s/ R. Todd Creer |
| John B. Marcin    #7078 | Edwin A. Keller, Jr.    #6013 |
| Chase T. Anderson    #12174 | R. Todd Creer    #10016 |
| 3960 Howard Hughes Parkway, 5th Floor | 3000 West Charleston Blvd., Suite 3 |
| Las Vegas, Nevada 89169 | Las Vegas, Nevada 89102 |
| Tel: (702) 893-2060 | Tel: (702) 259-8640 |
| Fax: (702) 921-0100 | Fax: (702) 259-8646 |
| Attorney for Plaintiff | Attorneys for Defendant |

### ORDER

**IT IS SO ORDERED.** As amended.

Date: August 10, 2012

_____
UNITED STATES MAGISTRATE JUDGE