1
2
3
4
5
6
7
8
9
10
11
12
13
14

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

GINA DANNENBRING,                            )
                                             )     Case No. 2:12-CV-00007-JCM-VCF
                                             )
                    Plaintiffs,              )
                                             )
vs.                                          )     **ORDER**
                                             )
WYNN LAS VEGAS, LLC,                         )
                                             )
                    Defendant.               )
—————————————————————  )

15        Presently before the court is defendant Wynn Las Vegas, LLC's motion to dismiss claims two

16   through ten of the first amended complaint.  (Doc. # 9).  Plaintiff Gina Dannenbring filed an

17   opposition (doc. #11), to which defendant replied (doc. #15).

18        Also before the court is defendant's first motion to dismiss. (Doc. #5).  After defendant filed

19   its first motion to dismiss, plaintiff filed an amended complaint.  (Doc. #7).  Accordingly,

20   defendant's first motion to dismiss is now moot.

21   **Background**

22        Defendant employed plaintiff as a slot marketing host for a period slightly exceeding two

23   years.  (Doc. #7).  Plaintiff claims that during her employment, defendant required plaintiff to be

24   available to take calls on her personal cell phone from hotel guests at all times during the day, even

25   after her shift had ended.   Plaintiff maintains that she was required to take calls without

26   compensation from defendant.  Further, plaintiff alleges that other employees have been required to

27   be available at all times and were required to take business-related phones calls on their personal cell

28   phones.  (Doc. #7).

**James C. Mahan**
**U.S. District Judge**

1    In June 2010, plaintiff informed defendant that she was pregnant.  Further, plaintiff stated

2    that she planned to take a leave of absence for 14 weeks, and that her due date was in the end of

3    November 2010.  (Doc. #7).  Plaintiff alleges that defendant was displeased with plaintiff's leave

4    request because plaintiff's absence coincided with the holiday season, which is the busiest time of

5    year for defendant's business.

6    Plaintiff alleges that during the subsequent months, defendant repeatedly requested to switch

7    to an earlier shift to avoid the increased smoke that was present during her assigned shift.  (Doc. #7).

8    Defendant allegedly summarily denied plaintiff's requests, but granted similar requests to non-

9    pregnant slot marketing hosts.

10   Less than one month before plaintiff's scheduled maternity leave, plaintiff's employment was

11   terminated.  (Doc. #7).  Plaintiff claims that the motivating factor for plaintiff's termination was

12   defendant's desire to deny plaintiff pregnancy leave.  Thus, plaintiff asserts that she was terminated

13   due to discrimination based on her pregnancy.  (Doc. #7).

14   After defendant terminated plaintiff's employment, plaintiff filed for unemployment benefits

15   with the Nevada Department of Employment Training and Rehabilitation ("DETR").  (Doc. #7).

16   Plaintiff asserts that defendant retaliated against plaintiff by opposing plaintiff's claim for

17   unemployment benefits.  Defendant allegedly falsely stated at the proceedings before the DETR that

18   plaintiff's discharge was the result of misconduct.  (Doc. #7).

19   The first amended complaint contains ten causes of action: (1) violation of Title VII; (2)

20   violation Nevada's Equal Opportunities for Employment Act, NRS 613.310, *et. seq.*; (3) retaliation;

21   (4) breach of the implied covenant of good faith and fair dealing; (5) intentional infliction of

22   emotional distress; (6) violation of the Fair Labor Standards Act; (7) violation of NRS 608.018 and

23   608.019; (8) violation of NRS 608.020, 608.030, 608.040, and 608.115; (9) violation of NRS

24   608.100; and (10) failure to reimburse expenses incurred by agent on behalf of the principal.  (Doc.

25   #7).  Defendant now moves to dismiss claims two through ten of the first amended complaint for

26   failure to state a claim upon which relief can be granted.  (Doc. #9).

27   / / /

28   / / /

**James C. Mahan**
**U.S. District Judge**

- 2 -

**Discussion**

**I.    Legal Standard**

A complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The statement of the claim is intended to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Pursuant to Federal Rule of Civil Procedure 12(b)(6), courts may dismiss causes of action that "fail[] to state a claim upon which relief can be granted."

The court must "accept all factual allegations in the complaint as true." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Further, the court must draw all reasonable inferences in plaintiff's favor. *Twombly*, 550 U.S. at 547. However, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted). Although "not akin to a 'probability requirement,'" the plausibility standard asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.*

**II.    Analysis**

A.    Unlawful Employment Practice in Violation of Nevada's Equal Opportunities for Employment Act, NRS 613.310, *et. seq.*

Defendant argues that plaintiff's claim for pregnancy discrimination should be dismissed because plaintiff failed to plead that her pregnancy caused her a disability.

Pursuant to NRS 613.330, it is an unlawful employment practice for an employer to "to discharge any person, or otherwise to discriminate against any person . . . because of his or her . . . sex . . . ." NRS 613.330. Further, if "an employer grants leave with pay, leave without pay, or leave without loss of seniority to his or her employees for sickness or disability because of a medical condition, it is an unlawful employment practice to fail or refuse to extend the same benefits to any female employee who is pregnant." NRS 613.335.

**James C. Mahan**
**U.S. District Judge**

- 3 -

Defendant argues that the allegations in the complaint are insufficient to state a claim upon which relief can be granted because plaintiff has failed to assert that her pregnancy caused her some disability. However, the plain language of NRS 613.335 does not require the additional element of a disability caused by the pregnancy. Further, defendant's citation to *950 Ryland, Inc. v. Daane*, 108 Nev. 955 (Nev. 1992), is unavailing because this case does not assert that a disability stemming from the pregnancy is necessary. Instead, the focus of the *Daane* court was the requirement that the employer grant leave to employees who are sick or disabled – an element which plaintiff includes in the instant complaint. *Id.* at 957.

In the instant case, the complaint asserts: (1) that plaintiff was discharged due to her pregnancy, and (2) that defendant grants leave to employees for sickness or disability. (Doc. #7). These allegations fulfill the facial elements of a NRS 613.335 claim. Therefore, the factual allegations in the complaint are sufficient to state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949.

B.      Retaliation

The second claim of the complaint is for retaliation pursuant to Title VII. 42 U.S.C. § 2000e-3. Specifically, plaintiff asserts that after she was terminated, defendant continued its discriminatory conduct by opposing her claim for unemployment benefits and falsely accusing her of misconduct. (Doc. #7). Defendant moves to dismiss this claim, asserting that the complaint does not identify a protected activity or a causal link between an alleged protected activity and an adverse employment action. Finally, defendant asserts that its lawful opposition to plaintiff's employment benefits application does not constitute an adverse employment action. (Doc. #9).

The elements of a *prima facie* Title VII retaliation claim are: "(1) involvement in a protected activity, (2) an adverse employment action, and (3) a causal link between the two." *Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000). An employee engages in protected activity by: (1) opposing any practice made unlawful by Title VII or (2) making a charge, testifying, or participating in an investigation, proceeding, or hearing under Title VII. 42 U.S.C. § 2000e-3(a).

The complaint alleges that plaintiff complained about defendant's unlawful and discriminatory practices after she was terminated. Further, plaintiff asserts that she indicated on her

James C. Mahan
U.S. District Judge

1   unemployment benefit application that the basis for her termination was unlawful discrimination.

2   (Doc. #7).  These factual allegations fail to establish that plaintiff engaged in a protected activity.

3   Plaintiff's assertion that she complained about defendant's unlawful conduct after her

4   termination does not include "sufficient factual matter . . . to state a claim to relief that is plausible

5   on its face." *Iqbal*, 129 S.Ct. at 1949.  Instead, plaintiff's factual allegations are "merely consistent"

6   with defendant's liability, and they stop "short of the line between possibility and plausibility of

7   entitlement to relief." *Id.*  Further, an application for unemployment benefits does not constitute

8   protected activity under Title VII.  *See McDonald-Cuba v. Santa Fe Protective Services, Inc.*, 644

9   F.3d 1096, 1102 (10th Cir. 2011) (declining to recognize "an application for unemployment benefits,

10  without more" as a protected activity under Title VII).  Accordingly, plaintiff has failed to adequately

11  plead a *prima facie* Title VII retaliation claim, and the court dismisses this count.

12           C.      Breach of the Implied Covenant of Good Faith and Fair Dealing

13  Defendant argues that plaintiff has not pled a valid tortious breach of the implied covenant

14  of good faith and fair dealing claim because (1) plaintiff is an at-will employee, and (2) plaintiff has

15  failed to plead a special relationship between plaintiff and defendant.

16  The implied covenant of good faith and fair dealing exists in all contracts.  *A.C. Shaw Const.*

17  *v. Washoe County*, 105 Nev. 913, 914 (1989).  However, breach of contract and bad faith discharge

18  are not applicable to at-will employment.  *Martin v. Sears, Roebuck and Co.*, 111 Nev. 923, 929

19  (1995).  "[A]ll employees in Nevada are presumed to be at-will employees."  *American Bank*

20  *Stationery v. Farmer*, 106 Nev. 698, 701 (1990).  An employee can rebut this presumption by

21  "proving by a preponderance of the evidence that there was an express or implied contract between

22  his employer and himself that his employer would fire him only for cause."  *Id.*  General expressions

23  of long term employment and subjective expectations of employment are insufficient to transform

24  at-will employment to employment terminable only for cause.  *Martin*, 111 Nev. at 929.

25  To plead a claim for bad faith discharge in violation of the implied covenant of good faith

26  and fair dealing, plaintiff must allege: (1) that an enforceable contract existed; (2) there was a special

27  relationship between the tortfeasor and the tort victim, and (3) the employer's conduct went "well

28  beyond the bounds of ordinary liability for breach of contract."  *Martin*, 111 Nev. at 929.  "The

James C. Mahan
U.S. District Judge

1 special relationship required is one of particular reliance as found in insurance, partnership, and

2 franchise agreements where there is a need for special protection arising from the skewed balance

3 of power between the parties and the heavy reliance on the credibility by one party on the other.

4 Such a special relationship will not automatically be read into an employer/employee relationship."

5 *Alam v. Reno Hilton Corp.*, 819 F. Supp. 905, 910 (D. Nev. 1993).

6  First, plaintiff asserts that defendant, through its supervisors, told plaintiff that as long as she

7 kept the special VIP guests happy and received no complaints, that she would keep her job.  (Doc.

8 #7, ¶ 62).  The factual allegations in plaintiff's complaint demonstrate only "general expressions"

9 of continued employment and are insufficient to overcome the presumption of at-will employment.

10 *See Martin*, 111 Nev. at 929.  Similarly, plaintiff's subjective expectation of continued employment

11 is not enough to transform her at-will employment into employment terminable only for cause.  *Id.*

12 Breach of contract and bad faith discharge are not applicable to at-will employment, and plaintiff's

13 claim, therefore, fails.  *Id.*

14  Further, assuming *arguendo*, that the allegations in the complaint were sufficient to establish

15 something more than at-will employment, plaintiff's assertion that there was a special relationship

16 between her and defendant does not "contain sufficient factual matter . . . to state a claim to relief

17 that is plausible on its face."  *Iqbal*, 129 S.Ct. 1949.  Plaintiff asserts that she had a "special

18 relationship" with defendant because she needed to be accessible to guests 24 hours a day, 7 days

19 a week.  However, this factual allegation is not enough to show that this is one of the "rare and

20 exceptional cases" in which the employer/employee relationship gives rise to tort liability.  *See K*

21 *Mart Corp. v. Ponsock*, 103 Nev. 39, 49 (1987); *Alam*, 819 F. Supp. at 910.

22  The allegations in the amended complaint are insufficient to either rebut Nevada's

23 presumption of at-will employment or establish that there was a special relationship between plaintiff

24 and defendant.  (Doc. #7).  Thus, plaintiff's breach of the implied covenant of good faith and fair

25 dealing is dismissed.

26  D. <u>Intentional Infliction of Emotional Distress</u>

27  Defendant claims that the intentional infliction of emotional distress claim must be dismissed

28 because plaintiff has not alleged (1) any extreme and outrageous conduct by defendant or (2) any

James C. Mahan
U.S. District Judge

1   severe emotional distress to support plaintiff's claim.

2       The elements of an intentional infliction of emotional distress claim are: (1) extreme and

3   outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress;

4   (2) the plaintiff's having suffered severe or extreme emotional distress; and (3) actual or proximate

5   causation. *Star v. Rabello*, 97 Nev. 124, 125 (1981); *Posadas v. City of Reno*, 109 Nev 448, 456

6   (1993). A claim for intentional infliction of emotional distress is recognizable in the employment

7   termination context. *See Shoen v. Amerco, Inc.*, 111 Nev. 735, 747 (1995).

8       In order for conduct to be extreme and outrageous, the conduct must be "outside all possible

9   bounds of decency" and regarded as "utterly intolerable in a civilized community." *Maduike v.*

10   *Agency Rent-A-Car*, 114 Nev. 1, 4 (1998). General physical or emotional discomfort is insufficient

11   to demonstrate severe emotional distress. *Watson v. Las Vegas Valley Water Dist.*, 378 F. Supp. 2d

12   1269, 1279 (D. Nev. 2005). Instead, the stress must be "so severe and of such intensity that no

13   reasonable person could be expected to endure it. *Id.*

14       Here, plaintiff claims that defendant engaged in outrageous behavior terminating plaintiff's

15   employment less than one month before her scheduled maternity leave was set to commence based

16   on false reasons and falsely accusing plaintiff of misconduct when defendant opposed plaintiff's

17   claims for unemployment benefits. (Doc. #7, ¶ 69). As a result of this conduct, plaintiff asserts that

18   she suffered from night terrors, sleeplessness, extreme stress, and chronic headaches. (Doc. #7, ¶

19   70).

20       It is not appropriate to dismiss plaintiff's intentional infliction of emotional distress claim

21   at this stage of the litigation. After accepting all factual allegations in the complaint as true and

22   drawing all reasonable inferences in plaintiff's favor, the court finds that plaintiff has pled sufficient

23   factual matter to state a claim to relief that is plausible on its face. *See Twombly*, 550 U.S. at 547;

24   *Iqbal*, 129 S.Ct. at 1949. Plaintiff has pled the prima facie elements of an intentional infliction of

25   emotional distress claim, and dismissal of the claim at this juncture is not warranted.

26       E.   Violation of the Fair Labor Standards Act ("FLSA")

27       Plaintiff claims that defendant is liable to plaintiff and other similarly situated employees

28   under 29 U.S.C. § 216(b) because defendant allegedly violated the provisions of 29 U.S.C. § 206

James C. Mahan
U.S. District Judge

- 7 -

1   (minimum wage standards) and § 207 (maximum hour standards).  (Doc. #7, ¶ 76).  Defendant

2   asserts that the allegations in the complaint demonstrate that plaintiff was an administrative

3   employee and is, therefore, exempt from the provisions of the FLSA.  Accordingly, defendant argues

4   that plaintiff's FLSA claim should be dismissed because the allegations in the complaint fail to show

5   that plaintiff was subject to the FLSA's overtime pay and minimum wage requirements.

6        Pursuant to 29 U.S.C. § 216(b), "[a]ny employer who violates the provisions of section 206

7   or section 207 of this title shall be liable to the employee or employees affected in the amount of

8   their unpaid minimum wages, or their unpaid overtime compensation . . . ."  29 U.S.C. § 216(b).

9   However, the provisions of section 206 and section 207 do not apply to "any employee employed

10  in a bona fide executive, administrative, or professional capacity . . . ."  29 U.S.C. § 213(a)(1).

11       "FLSA exemptions are to be narrowly construed against . . . employers and are to be withheld

12  except as to persons plainly and unmistakably within their terms and spirit."  *Klem v. County of*

13  *Santa Clara, California*, 208 F.3d 1085, 1089 (9th Cir. 2000) (internal citations omitted).  An

14  employer who claims an exemption from the FLSA bears the burden of demonstrating that the

15  exemption applies.  *Id.*

16       An administrative employee subject to the administrative employee FLSA exemption is an

17  "employee whose primary duty is the performance of office or non-manual work directly related to

18  the management or general business operations . . . and whose primary duty includes the exercise

19  of discretion and independent judgment with respect to matters of significance."  5 C.F.R. § 551.206.

20       The factual allegations in the complaint do not conclusively demonstrate that plaintiff was

21  not entitled to overtime pay.  The court notes that the employer bears the burden of demonstrating

22  that the exemption applies.  *Klem*, 208 F.3d at 1089.  Further, the court construes FLSA exemptions

23  narrowly against employers.  *Id.*  Accordingly, the factual allegations in plaintiff's complaint are

24  sufficient to survive a motion to dismiss.

25       F.     Violation of NRS 608.019, 608.030, 608.100 and 608.115

26       Defendant's motion to dismiss asserts, and plaintiff concedes, that plaintiff cannot maintain

27  a private cause of action for NRS 608.019, 608.030, 608.100, and 608.115.  Pursuant to NRS

28  608.180, "The labor commissioner or his representative shall cause the provisions of NRS § 608.005

**James C. Mahan**
**U.S. District Judge**

1  to NRS § 608.195, inclusive, to be enforced, upon notice to the labor commissioner or his

2  representative . . . " NRS 608.180.  The statutory scheme contemplates enforcement by the Labor

3  Commissioner, and the absence of an express provision providing for a private cause of action to

4  enforce a statutory right strongly suggests that the legislature did not intend to create a privately

5  enforceable judicial remedy.  *Baldonado v. Wynn Las Vegas, LLC*, 124 Nev. 951, 959 (2008).

6       Therefore, defendant's motion to dismiss claims arising under NRS 608.019, 608.030,

7  608.100, and 608.115 is granted.

8       G.       Violation of NRS 608.018, 608.020, 608.040

9       Defendant contends that plaintiff does not have a private right of action under NRS 608.018

10  (overtime pay), 608.020 (payment at the time of discharge), and 608.040 (penalty if an employer fails

11  to pay an employee after discharge).  Moreover, defendant argues that the complaint does not plead

12  a cause of action under NRS 608.140.  Finally, defendant claims that plaintiff failed to exhaust her

13  administrative remedies for her wage claims.

14       Generally, chapter 608 of the Nevada Revised Statutes do not contain private causes of

15  action.  *Baldonado*, 124 Nev. at 957-58.  However, a statute may contain an express or an implied

16  private cause of action.  *Id.*

17       In *Lucatelli v. Texas De Brazil*, plaintiff asserted claims pursuant to NRS 608.018, 608.020,

18  and 608.040.  *Lucatelli v. Texas De Brazil (Las Vegas) Corp.*, 2012 WL 1681394, at 3 (D. Nev. May

19  11, 2012).  However, the complaint failed to allege that plaintiff sought enforcement of NRS 608.140

20  for unpaid wages owed to him pursuant to NRS 608.018, 608.020, and 608.040.  *Id.*  Accordingly,

21  the court dismissed these causes of action with leave to amend because the individual statutes cannot

22  be asserted as private rights of action.  *Id.*; *see also Phelps v. MC Communications, Inc.*, 2011 WL

23  3298414, at *2 (D. Nev. 2011).

24       Similar to *Lucatelli*, the complaint in the instant case does not allege any cause of action

25  pursuant to NRS 608.140.  (Doc. #7).  Plaintiff cannot assert claims under NRS 608.018, 608.020,

26  and 608.040 as private rights of action without also pleading a violation of NRS 140.  *See Lucatelli*,

27  2012 WL 1681394, at 3; *Phelps*, 2011 WL 3298414, at *2.  Accordingly, defendant's motion to

28  dismiss the claims arising under NRS 608.018, 608.020, and 608.040 is granted.

James C. Mahan
U.S. District Judge

1    H.    Failure to Reimburse Expenses Incurred by Agent

2        Defendant claims that plaintiff is attempting to create a new common law cause of action not

3    previously recognized in Nevada because she brings her final claim under the Second Restatement

4    of Agency § 438 rather than Nevada law.

5        Altering common law rights, creating new causes of action, and providing new remedies for

6    wrongs is generally a legislative, not a judicial, function.  *Badillo v. American Brands, Inc.*, 117 Nev.

7    34, 42 (2001).  In the instant case, plaintiff has failed to cite any authority demonstrating that there

8    is a valid claim under Nevada law for the legal principles articulated in the Second Restatement of

9    Agency § 438.  Therefore, the court dismisses plaintiff's final claim.

10        Accordingly,

11        IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, that defendant Wynn Las

12    Vegas, LLC's motion to dismiss claims two through ten of the first amended complaint (doc. #9) be,

13    and the same hereby is, GRANTED in part, and DENIED in part.

14        IT IS FURTHER ORDERED that defendant's first motion to dismiss (doc. #5) be, and the

15    same hereby is, DENIED as moot.

16    DATED this 10TH day of August, 2012.

17

18

19    _____
     **UNITED STATES DISTRICT JUDGE**

20

21

22

23

24

25

26

27

28

James C. Mahan
U.S. District Judge

- 10 -