1  KAMER ZUCKER ABBOTT
   Edwin A. Keller, Jr.          #6013
2  Bryan J. Cohen                #8033
   R. Todd Creer                 #10016
3  3000 West Charleston Boulevard, Suite 3
   Las Vegas, Nevada 89102-1990
4  Tel: (702) 259-8640
   Fax: (702) 259-8646
5
   Attorneys for Defendant
6  Wynn Las Vegas, LLC

7                  UNITED STATES DISTRICT COURT

8                       DISTRICT OF NEVADA

9  GINA DANNENBRING, an individual,      )   Case No. 2:12-cv-00007-JCM-VCF
                                          )
10              Plaintiff,                )   **DEFENDANT'S REPLY IN SUPPORT**
                                          )   **OF ITS MOTION TO DISMISS**
11 vs.                                    )   **PLAINTIFF'S SECOND AMENDED**
                                          )   **CLASS ACTION COMPLAINT FOR**
12 WYNN LAS VEGAS, LLC, a Nevada limited  )   **DAMAGES**
   liability company,                     )
13                                        )
                Defendant.                )
14 _____)

Defendant Wynn Las Vegas, LLC (hereinafter "Wynn" or "the Company"), by and through its counsel of record, the law firm of Kamer Zucker Abbott, submits its Reply in Support of its Motion to Dismiss Plaintiff's Second Amended Class Action Complaint for Damages. As set forth herein, Plaintiff's Opposition does not address her failure to seek leave to amend her Complaint. In fact, Plaintiff concedes, by way of a subsequent motion, that she failed to follow the proper procedure for seeking to amend her Complaint. See Plaintiff's Motion for Leave to Amend the Complaint (Docket No. 28). Furthermore, Plaintiff continues to fail to set forth sufficient facts to state claims for relief that are plausible on their face or cognizable under Nevada law and attempts to establish claims for which there are no private rights of action under Nevada or federal law. Consequently, as Plaintiff's Second Amended Complaint fails to state claims upon which relief can be granted, partial dismissal of Plaintiff's Second Amended Complaint as to Plaintiff's Third and Sixth Claims for Relief is warranted here pursuant to Federal Rule of Civil Procedure 12(b)(6).

28

**MEMORANDUM OF POINTS AND AUTHORITIES**

I. **LEGAL ANALYSIS.**

    A. **Plaintiff Does Not Address Her Failure to Seek Leave of Court to File Her Amended Complaint.**

As discussed in Defendant's Motion to Dismiss, Plaintiff failed to seek leave of court to file her Second Amended Complaint as required by Federal Rule of Civil Procedure 15(a)(2). Courts have routinely held that the failure to request leave of court justifies the dismissal of the amended pleading. See Long v. Satz, 181 F.3d 1275, 1279 (11th Cir. 1999) (finding failure to properly request leave to amend warranted denial of amendment); O'Rear v. Am. Family Life Assur. Co. of Columbus, Inc., 784 F. Supp. 1561, 1565 (M.D. Fla. 1992) (finding failure of plaintiff to seek leave to add a party resulted in the dismissal of the party).

Plaintiff's Opposition to Defendant's Motion to Dismiss does not even address this failure. Although not discussed in her Opposition, Plaintiff's Motion for Leave to Amend the Complaint (Docket No. 28) seeks to excuse her failure to request leave as the result of a pending deadline to amend the pleadings. Notably, the Stipulated Discovery Plan and Scheduling Order entered into by the Court on April 23, 2012 (Docket No. 13) specifically provided that the deadline for "*filing motions to amend the pleadings*" was August 17, 2012. [emphasis added]. Plaintiff subsequently filed her Motion for Leave to Amend the Complaint on September 18, 2012, over a month after the deadline.

Plaintiff's Second Amended Complaint should be stricken because Plaintiff has no basis for failing to request leave of court before filing her Second Amended Complaint as required by the Federal Rules of Civil Procedure. Plaintiff also made no effort whatsoever to obtain Wynn's written consent or the Court's permission prior to filing her Second Amended Complaint. Furthermore, even if the Court were to consider Plaintiff's Second Amended Complaint as a request for leave to file the amended pleading, such request for leave should be denied as Plaintiff's Second Amended Complaint added two causes of action that fail to state claims upon which relief can be granted, and thus the filing of the amended pleading is a futile act. Accordingly, Plaintiff's Second Amended Complaint should be dismissed.

**B.      Plaintiff Has Pleaded No Additional Facts to Support Her Retaliation Claim.**

In her Opposition, Plaintiff asserts that she has pleaded additional facts demonstrating that she engaged in protected activity, namely, that she filed a charge with the Nevada Equal Rights Commission ("NERC") "shortly after she was terminated." Plaintiff's Opposition at 2. Notably, Plaintiff's NERC charge was filed April 10, 2011, nearly six (6) months after she was terminated on or about October 14, 2010. See Second Amended Complaint, ¶¶ 3, 30.

The only alleged retaliatory activity by Wynn set forth in Plaintiff's Second Amended Complaint is that Wynn availed itself of its lawful right to challenge Plaintiff's unemployment insurance benefits under Nevada law.[1] Plaintiff nebulously asserts that Wynn made "false accusations" in opposing her claim for unemployment benefits. This type of unsupported Wynn-unlawfully-harmed-me type accusation is insufficient under Federal Rule of Civil Procedure 8(a)(2) and cannot survive a challenge under Federal Rule of Civil Procedure 12(b)(6). Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). Moreover, Plaintiff ultimately admits that she was awarded unemployment benefits and identifies no other retaliatory action by Wynn. See Second Amended Complaint, ¶ 36.

To demonstrate a claim for retaliation, Plaintiff must show a causal connection between an asserted protected activity resulting in alleged adverse action against her. See Clark County School Dist. v. Breeden, 532 U.S. 268, 271-273 (2001). In each of the three iterations of her Complaint, Plaintiff fails to plead any facts to establish that the timing of her asserted protected activity (the filing of her NERC Charge) has a causal connection because it occurred *before* she was subjected to the allegedly adverse action (Wynn opposing her claim for unemployment benefits). The reason Plaintiff fails to plead such facts is that none exist. While Plaintiff does identify that she was terminated on or about October 14, 2010 and did not file her charge with

---

[1] Additionally, Plaintiff's highlighted reference to the Nevada state district court's decision on Plaintiff's petition for judicial review, see Second Amended Complaint, ¶ 36, is improper under Nevada law and should be stricken. See NRS 612.533 ("Any finding of fact or law, judgment, determination, conclusion or final order made by the Administrator or an Appeal Tribunal, examiner, Board of Review, district court or any other person with the authority to make findings of fact or law pursuant to NRS 612.450 to 612.530, inclusive, is not admissible or binding in any separate or subsequent action or proceeding, between a person and that person's present or previous employer brought before an arbitrator, court or judge of this State or the United States, regardless of whether the prior action was between the same or related parties or involved the same facts").

NERC until April 10, 2011, if she were to plead the date on which she filed for unemployment benefits, Plaintiff would have to tell the court that she did so on or about *October 31, 2010*. Such claim filing resulted in an Employer Notice of Claim Filed form sent to Wynn on November 10, 2010 that reflects that Plaintiff asserted the reason for her termination was "having company information on my computer." Further, Plaintiff would have to plead that the date on which Wynn opposed her unemployment benefits claim was *November 19, 2010* when it complied with NRS 612.475, which provides that upon receipt of a notice of the filing of an unemployment benefits claim, an employer has eleven (11) days after the date of the mailing of the notice to submit to the Nevada Employment Security Division all relevant facts which may affect the claimant's rights to benefits, and identified misconduct warranting the denial of unemployment benefits. Plaintiff has engaged in great machinations in avoiding pleading such facts, but such attempts to obfuscate the truth only results in there being insufficient factual matter to support her claim. Ashcroft v. Iqbal, 556 U.S. 662 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).

Additionally, Plaintiff relies on Williams v. W.D. Sports, N.M., Inc., 497 F.3d 1079 (10th Cir. 2007), to support her contention that opposing unemployment benefits may constitute retaliatory conduct. In Williams, the court specifically pointed out that the employer knew about the plaintiff's discrimination charge prior to opposing her unemployment. Id. at 1091. Here, Plaintiff does not plead, because she truthfully cannot, that she filed her NERC charge before Wynn opposed her claim for unemployment benefits. Accordingly, she cannot assert that Wynn's actions deterred her from exercising her rights under Title VII. See Clark County School Dist. v. Breeden, 532 U.S. at 271-273 (finding no causal connection between protected activity of filing NERC/EEOC charge and litigation where alleged retaliatory action was personnel action contemplated *before* knowledge of protected activity, even when such action was not completed until after knowledge of protected activity).

Furthermore, an employer's challenge of unemployment benefits does not constitute retaliation under Title VII. See, e.g., Griffin v. S. Piedmont Cmty. Coll., No. 3:10cv412, 2011 WL 3841562, at *7 (W.D.N.C. Aug. 30, 2011) (holding that an employer's participation in an

unemployment benefit proceeding cannot be considered an "adverse action" under Title VII); Yanke v. Mueller Die Cut Solutions, Inc., No. 3:03 CV 527, 2007 WL 437694, at *9 (W.D.N.C. Feb. 5, 2007) (same) Belardo v. Con-Way Transp. Servs., Inc., No. 02cv5406(SLT)(SMG), 2005 WL 885016, at *8 (E.D.N.Y. Mar. 28, 2005) (same); Roman v. Cornell Univ., 53 F. Supp. 2d 223, 245 (N.D.N.Y. 1999) (noting that employers frequently challenge unemployment insurance benefits and that, without more, reasonable legal positions, although adverse to the plaintiff, do not violate the anti-retaliation provision of Title VII).

Plaintiff's attempt to add additional facts to cure the deficiency in her retaliation claim fails as she has not (and cannot) plead those facts necessary to show that Wynn's alleged retaliatory action came after her asserted protected activity. Thus, she cannot plead a plausible claim for retaliation under Title VII. Accordingly, Plaintiff's Third Claim for Relief fails to state a claim upon which relief can be granted and dismissal of Plaintiff's retaliation claim is warranted here.

### C. The Findings of the U.S. District Court of Nevada are In Conflict With the Findings of the Eighth Judicial District Court.

As discussed in Defendant's Motion, the Eighth Judicial District Court of Nevada has noted that the term "overtime compensation" is not included in the definition of wages set forth in NRS 608.012. See Csomos v. The Venetian Casino Resort, No. A581365, 2010 WL 1837242 (Nev. Dist. Ct. Mar. 8, 2010). Further, the court in Csomos recognized that NRS 608.018 does not contain an express private right of action. Id.[2] Thus, there can be no private right of action under NRS 608.140, which provides for attorney's fees in "wage" cases. The Csomos decision was appealed to the Nevada Supreme Court. However, the Court affirmed the decision of the district court without examining the issue. See Csomos v. Venetian Casino Resort, LLC, No.

---

[2] The court in Csomos further held that NRS 608.018 does not provide an express right and no implied private right of action because (1) the plaintiff was not in the class of people the statute intended to protect; (2) the legislative history of NRS 608.018 indicates that the Legislature did not intend to create a private cause of action under NRS 608.018; and (3) a private remedy under NRS 608.018 would not be consistent with the legislative scheme.

1  55203, 2011 WL 4378744 (Nev. Sept. 19, 2011).[3]

2  Contrary to the Plaintiff's assertions, the decisions issued by the United States District Court for the District of Nevada on this issue are far from consistent.  Rather, it has issued rulings consistent with the state court decision in Csomos, one of which was in fact relied on in part by the state court in Csomos case.  See Lucas v. Bell Trans, No. 2:08-cv-01792-RCJ-RJJ, 2009 WL 2424557, at *5, *8 (June 24, 2009).  In Lucas, the Court explained that "NRS 608.018 does not have a similar civil remedy provision like NRS 608.250 has with NRS 608.260" and recognized that the private right of action for unpaid wages in NRS 608.140 does not extend to minimum wage and overtime claims.  Id.  In other cases, the U.S. District Court for the District of Nevada has also found that unpaid overtime premiums constitute "wages" which a plaintiff may seek to recover through the private right of action in NRS 608.140.  See, e.g., Busk v. Integrity Staffing Solutions, Inc., No. 2:10–CV–01854–RLH, 2011 WL 2971265, *7 (D. Nev. July 19, 2011); Buenaventura v. Champion Drywall, Inc., No. 2:10–CV–00377–LDG–RJJ, 2011 WL 1071760, *3 (D. Nev. Mar. 21, 2011); Lucatelli v. Texas De Brazil (Las Vegas) Corp., 2:11-CV-01829-RCJ, 2012 WL 1681394 (D. Nev. May 11, 2012).  Such decisions, however, provide little analysis as to how the state statutory definition of "wages" can be read to include statutory overtime premiums and are in conflict with the lower state court decision in Csomos, which rejected the proposition that unpaid overtime premiums amounted to "wages" under NRS 608.012.

On appeal, the Nevada Supreme Court did not examine the overtime premium issue raised in the Csomos decision, but rather affirmed on procedural grounds; namely, that the plaintiff failed to properly request leave of court before unilaterally amending his complaint.  In addition, the U.S. District Court for the District of Nevada rulings above on these issues to date have been rendered without the benefit of any applicable Nevada Supreme Court decisions on point to inform its analysis.  Notably, the Lucatelli Court specifically stated that it "predicts" that

---

[3] Notably, the Court's affirmation was based in part on plaintiff's failure to properly seek leave of court before filing an amended complaint, and thus found the filing of the amended complaint to be improper

1   the Nevada courts would follow its reasoning, but provides no basis for such prediction or why it
2   rejected the analysis of NRS 608.018 in Csomos.

3   Despite the Plaintiff's assertion that the U.S. District Court's decision in Lucatelli is "controlling," the decision has not been affirmed by the Ninth Circuit Court or rely upon established Nevada law.  Further, as this Court recently noted, "This Court's rulings thus are in conflict with the only known state court decision addressing the matter [Csomos].  Consequently, the Court concludes that Plaintiff's claim under § 608.018 raises a novel issue of state law *which the Nevada courts ought to have the opportunity to resolve*."  Phelps v. MC Communications, Inc., 2:11-CV-00423-PMP, 2011 WL 3298414 (D. Nev. Aug. 1, 2011) [emphasis added].  Thus, to the extent this Court finds ambiguity in the state statutory definition of wages at NRS 608.012 concerning whether statutorily imposed overtime premiums are included in said definition and, thus, are part of a private right of action under NRS 608.140, Wynn submits that certification of any such issues would be appropriate utilizing the procedure set forth in Nevada Rule of Appellate Procedure 5 to have the issues clarified by the Nevada Supreme Court.  NRAP 5.  Indeed, in such a situation, certification would be appropriate in light of the fact that a decision on this issue will be determinative of part of the current federal case, there is no controlling Nevada precedent, and the answer will help to settle important questions of law.  NRAP 5; Volvo Cars of N. Amer. v. Ricci, 122 Nev. 746, 137 P.3d 1161 (2006).

## II.   CONCLUSION.

For the aforementioned reasons, Defendant Wynn Las Vegas, LLC respectfully requests that the Court dismiss Plaintiff's Second Amended Class Action Complaint for Damages for her failure to seek leave of court pursuant to Federal Rule of Civil Procedure 15(a)(2).  Alternatively, Wynn requests the Court dismiss Plaintiff's Third and Sixth Claims for Relief for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

/ / /
/ / /
/ / /
/ / /

1  Further, to the extent that the Court determines that ambiguity exits as to whether the
2  state statutory definition of wages includes overtime premiums such that a private right of action
3  for overtime premiums exists under NRS 608.140, Wynn respectfully requests that such matters
4  be certified to the Nevada Supreme Court.

5  DATED this 1st day of October, 2012.

Respectfully submitted,

KAMER ZUCKER ABBOTT

By:  /s/ Bryan J. Cohen
Edwin A. Keller, Jr.   #6013
Bryan J. Cohen         #8033
R. Todd Creer          #10016
3000 West Charleston Boulevard, Suite 3
Las Vegas, Nevada 89102-1990
Tel:  (702) 259-8640
Fax: (702) 259-8646

Attorneys for Defendant
Wynn Las Vegas, LLC

**CERTIFICATE OF SERVICE**

This is to certify that on the 1st day of October, 2012, the undersigned, an employee of Kamer Zucker Abbott, served a copy of the foregoing **DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES** through the Electronic Case Filing system of the United States District Court, District of Nevada to:

John B. Marcin, Esq.
3960 Howard Hughes Parkway, 5th Floor
Las Vegas, Nevada 89169

By: /s/ Bryan J. Cohen
An employee of Kamer Zucker Abbott