**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| GINA DANNENBRING,<br><br>  Plaintiff(s),<br><br>v.<br><br>WYNN LAS VEGAS, LLC,<br><br>  Defendant(s). | 2:12-CV-00007 JCM (VCF) |

**ORDER**

Presently before the court is defendant Wynn Las Vegas, LLC's motion to dismiss plaintiff Gina Dannenbring's second amended class action complaint. (Doc. # 24). Plaintiff responded (doc. # 30), and defendant replied (doc. # 31). Defendant filed for leave to supplement its motion to dismiss. (Doc. # 35). Plaintiff filed a non-opposition to defendant's filing of the supplemental brief and responded to the supplement on its merits. (Doc. # 40). Defendant replied. (Doc. # 41).

Also before the court is defendant's motion to strike. (Doc. # 25). Plaintiff responded (doc. # 29), and defendant replied (doc. # 32).

Lastly, before the court is plaintiff's motion for leave to amend her complaint. (Doc. # 28). Defendant responded (doc. # 33), and plaintiff replied (doc. # 34).

**I.    Factual background**

On January 3, 2012, plaintiff filed her original complaint asserting various violations of state and federal laws arising from an alleged wrongful termination. (Doc. # 1). Defendant moved to dismiss this complaint. (Doc. # 5). In response, plaintiff amended her complaint to include collective

**James C. Mahan**
**U.S. District Judge**

and class causes of action under federal and state wage and hour laws. (Doc. # 7). Defendant moved for partial dismissal of plaintiff's first amended complaint. (Doc. # 9). The court then granted in part and denied in part defendant's partial motion to dismiss plaintiff's first amended complaint. (Doc. # 22).

On August 17, 2012, plaintiff filed her second amended class action complaint. (Doc. # 23). The second amended complaint contains six causes of action: (1) violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*; (2) violation Nevada's Equal Opportunities for Employment Act, NRS § 613.310, *et seq.*; (3) retaliation; (4) intentional infliction of emotional distress; (5) violation of the Fair Labor Standards Act; and (6) violation of NRS § 608.140. (Doc. # 23).

Defendant now moves to dismiss plaintiff's third and sixth causes of action for failure to state a claim upon which relief can be granted. (Doc. # 24). Defendant also seeks to strike a references to an offer to compromise as well as references to judicial findings regarding claims for unemployment benefits by other judicial bodies made in the second amended complaint. (Doc. # 25).

**II.     Legal standards**

    **A.     Rule 12(b)(6)**

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. Id. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 1949.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 1949.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." Id. (internal quotations omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, "First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.*

**B.     Rule 12(f)**

Rule 12(f) of the Federal Rules of Civil Procedure provides that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "Immaterial matter is that which has no essential or important relationship to the claim for relief" and "[i]mpertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (internal citations omitted), *rev'd on other grounds* 510 U.S. 517 (1994). "The function of a 12(f) motion to

James C. Mahan
U.S. District Judge

- 3 -

strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). Generally, federal courts disfavor motions to strike unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation. *Germaine Music v. Universal Songs of Polygram*, 275 F.Supp.2d 1288, 1300 (D. Nev. 2003) (internal citations omitted).

### III. Discussion

#### A. Motion to dismiss (doc. # 24)

##### I. Third cause of action, retaliation

The court dismissed plaintiff's retaliation claim in her first amended complaint for failure to plead a *prima facie* case. The court found that plaintiff's factual allegations were "merely consistent" with defendant's liability and stopped "short of the line between possibility and plausibility of entitlement to relief." (Doc. # 22, 5:5-7, citing *Iqbal*, 129 S. Ct. at 1949). Lastly, the court declined to recognize plaintiff's filing for unemployment benefits as a protected activity under Title VII.

Plaintiff's second amended complaint alleges that defendant retaliated against her by opposing her unemployment claim without a proper basis to do so. Plaintiff asserts that defendant's opposition was in retaliation of her filing a charge with the Nevada Equal Rights Commission ("NERC"). (Doc. # 23).

Defendant moves to dismiss this claim, arguing that this cause of action is nearly identical to plaintiff's claim for retaliation in her first amended complaint and that the second amended complaint asserts no additional facts to support a claim for retaliation. (Doc. # 24). Defendant also argues that plaintiff failed to plead any facts that would establish a causal connection between the NERC charge and defendant's opposition of her unemployment benefits claim. Specifically, defendant argues that plaintiff has not pleaded the timing of these events to establish that one happened before the other. (Doc. # 31).

. . .

1    The elements of a *prima facie* Title VII retaliation claim are: "(1) involvement in a protected
2 activity, (2) an adverse employment action, and (3) a causal link between the two." *Brooks v. City
3 of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000). An employee engages in protected activity by: (1)
4 opposing any practice made unlawful by Title VII or (2) making a charge, testifying, or participating
5 in an investigation, proceeding, or hearing under Title VII.  42 U.S.C. § 2000e-3(a).

6    Plaintiff alleges her involvement in a protected activity under Title VII, namely the filing of
7 a charge with NERC. Plaintiff also alleges that defendant retaliated against plaintiff by opposing her
8 claim to unemployment benefits in response to plaintiff filing a charge with NERC. (Doc. # 23).

9    While the court acknowledges the requirement to plead a casual link between plaintiff's
10 involvement in a protected activity and the adverse employment action, the court does not find the
11 allegation need include the dates of these events as defendant suggests. A claim for retaliation under
12 Title VII is evaluated under Rule 8, not Rule 9–thus, the court finds the allegation need not include
13 "the who, what, *when*, where, and how" as is required in fraud. *See Vess v. Ciba-Geigy Corp. USA*,
14 317 F.3d 1097, 1106 (9th Cir. 2003) (emphasis added).

15    Plaintiff has alleged that she engaged in a protected activity, and that because of the protected
16 activity, defendant took adverse employment action against her. This is sufficient factual matter
17 under Rule 8 to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (citation
18 omitted).[1]

19            **ii.     Sixth cause of action, NRS § 608.140**

20    The court dismissed plaintiff's NRS §§ 608.018 (overtime pay), 608.020 (payment at time
21 of discharge), and 608.040 (penalty if employer fails to pay an employee after discharge) claims in
22 her first amended complaint for failure to include a violation of NRS § 608.140 to enforce unpaid
23 wages under NRS § 608.018. (Doc. # 22). The court found that NRS §§ 608.018, 608.020, and
24 608.040 could not be asserted as private rights of action. The court followed *Lucatelli v. Texas De*
25 *Brazil (Las Vegas) Corp.*, 2:11-CV-01829-RCJ, 2012 WL 1681394 (D. Nev. May 11, 2012), in

---

[1] Defendant attempts to engage the court in a merits based analysis. (Doc. # 31). That is, to evaluate whether defendant's opposition to plaintiff's unemployment benefits could have been in retaliation to her NERC filing based on the dates these respective proceedings were brought. The court, however, finds such analysis improper at this stage.

James C. Mahan
U.S. District Judge

- 5 -

making this determination.

Plaintiff's seconded amended complaint alleges a violation of NRS § 608.140. (Doc. # 23). Defendant moves to dismiss plaintiff's sixth cause of action under *Csomos v. the Venetian Casino Resort*, no. A581365, 2010 WL 1837242 (Nev. Dist. Ct. Mar. 8, 2010) and *Descutner v. Newmont USA Ltd.*, no. 2:12-cv-371-RCJ-VPC, 2012 WL 5387703 (D. Nev. Nov. 1, 2012). Defendant argues that these cases are persuasive on the issue of whether NRS § 608.140 provides a private right of action.[2]

Although plaintiff's amendment appears to remedy the deficiency in plaintiff's first amended complaint as to this claim, common law interpretation of Nevada labor statutes is in flux before both state and federal courts. Having considered the current body of law on this issue, *Buenaventura v. Champion Drywall, Inc.*, 803 F.Supp.2d 1215 (2011); *Phelps v. MC Communications, Inc.*, no. 2:11-cv-00423-PMP-LRL, 2011 WL 3298414 (D. Nev. Aug. 1, 2011); *Busk v. Integrity Staffing Solutions, Inc.*, no. 2:10-cv-01854-RLH-RJJ, 2011 WL 2971265 (D. Nev. July 19, 2011); *Lucatelli*, 2012 WL 1681394; *Baldonado v. Wynn Las Vegas, LLC*, 124 Nev. 951, 194 P.3d 96 (2008); *Lucas v. Bell Trans*, no. 2:08-cv-01792-RJC-RJJ, 2009 WL 2424557 (D. Nev. June 24, 2009); *Csomos v. the Venetian Casino Resort*, no. A581365, 2010 WL 1837242 (Nev. Dist. Ct. Mar. 8, 2010); including the most recent case in this district, *Descutner v. Newmont USA Ltd.*, no. 3:12-cv-00371-RCJ-VPC, 2012 WL 5387703 (D. Nev. Nov. 1, 2012), the court finds that there is no private right of action under NRS § 608.018.

While this holding is counter to this court's previous order; the court finds Judge Jones' reasoning in *Descutner* on this issue persuasive.[3] Having considered the statutory language and the legislative history of § 608.140 as examined by Judge Jones, the court finds that § 608.140 does not

---

[2] In the alternative, defendant requests that to the extent that the court finds ambiguity in the state statutory definition of wages in NRS § 608.012 and whether it is part of the private right of action under NRS § 608.040, the court to certify the issues to the Nevada Supreme Court under Nevada Rule of Appellate Procedure 5. *See Volvo Cars of N. Am., Inc. v. Ricci*, 122 Nev. 746, 137 P.3d 1161 (2006). The court declines to do so.

[3] This order was published on November 1, 2012, and thus did not serve as the basis of this court's August 13, 2012, order.

James C. Mahan
U.S. District Judge

- 6 -

imply a private right of action to enforce the labor statutes. *Descutner*, 2012 WL 5387703, at *2. Instead, § 608.140 implies a private right of action to recover in contract only. *Id.*

Here, plaintiff does not seek wages and overtime pursuant to her employment contract. As such, the court finds dismissal of NRS §§ 608.140, 608.018, 608.020, and 608.040 appropriate.

**B.     Motion to strike (doc. # 25)**

Defendant moves to strike plaintiff's reference to a prior offer of compromise and plaintiff's references to findings and determinations made with regard to her claim for unemployment benefits.

**I.     Plaintiff's reference to a prior offer of compromise will not be stricken**

Defendant argues that under Federal Rule of Evidence 408, plaintiff's reference to an offer of compromise made during mediation proceedings before NERC[4] should be stricken. (Doc. # 25). Rule 408 provides as follows:

> Evidence of the following is not admissible--on behalf of any party--either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction:
> (1) furnishing, promising, or offering--or accepting, promising to accept, or offering to accept--a valuable consideration in compromising or attempting to compromise the claim; and
> (2) conduct or a statement made during compromise negotiations about the claim-- except when offered in a criminal case and when the negotiations related to a claim by a public office in the exercise of its regulatory, investigative, or enforcement authority.

FED. R. EVID. 408. "However, evidence of compromise is admissible if offered for purposes not prohibited by subdivision (a)." *Nevada Disability Advocacy & Law Ctr. v. Willden*, no. 2:05CV-00757PMP-GWF, 2007 WL 1063170, at *2 (D. Nev. Apr. 5, 2007). Whether evidence is inadmissible pursuant to Rule 408 lies within the court's discretion. *Mundy v. Household Fin. Corp.*, 885 F.2d 542, 547 (9th Cir. 1989).

. . .

---

[4] In plaintiff's second amended complaint, she includes this reference in paragraph 55: "The WYNN's continued opposition to Dannenbring's unemployment benefits was done in retaliation for her filing her lawful NERC charge, and *offering to withdraw opposition to her unemployment benefit in exchange for her relinquishing all claims against the WYNN evidences the unlawful motivation for opposing her lawful claim for benefits without any reasonable basis to do so.*" (Doc. # 23, 11:2-5) (emphasis added).

**James C. Mahan**
**U.S. District Judge**

- 7 -

Here, plaintiff's reference to defendant's offer to compromise is not in violation of Rule 408. Plaintiff is not offering the statement made in negotiations to prove the validity of plaintiff's unemployment benefits claim (or discrimination claim).[5] Instead, plaintiff is using this offer to compromise to prove that defendant had a retaliatory motive and did in fact commit retaliation. (Doc. # 29).[6] Thus, the court does not find it proper to strike this allegation at this juncture.[7]

### ii. Plaintiff's references to findings and determinations made with regard to her claim for unemployment benefits will not be stricken

Defendant contends that determinations and judicial findings of the Board of Review of the Nevada Department of Employment, Training, and Rehabilitation ("DETR") and the Nevada state court with regard to her claim for unemployment benefits[8] should be stricken. (Doc. # 25). Nevada prohibits such references in subsequent judicial proceedings:

> Any finding of fact or law, judgment, determination, conclusion or final order made by the Administrator or an Appeal Tribunal, examiner, Board of Review, district court or any other person with the authority to make findings of fact or law pursuant to NRS 612.450 to 612.530, inclusive, is not admissible or binding in any separate or subsequent action or proceeding, between a person and that person's present or previous employer brought before an arbitrator, court or judge of this State or the United States, regardless of whether the prior action was between the same or related parties or involved the same facts.

NRS 612.533.

. . .

---

[5] Defendant has pointed out that plaintiff appears to have conflated her unemployment benefits claim with her discrimination claim. (*See* doc. # 32).

[6] The "disputed claim" being the unemployment benefits claim and/or discrimination claim that was disputed at the time of negotiations.

[7] This issue, however, is preserved for the parties to address at another time. Certainly, there may be circumstances under which the offer of compromise as to plaintiff's discrimination claim may create a 408 issue.

[8] In plaintiff's second amended complaint, she includes these references in paragraphs 36 and 55.

**James C. Mahan**
**U.S. District Judge**

- 8 -

Here, to the extent the court chooses to apply NRS 612.533,[9] the court finds its application premature. At this stage, the court accepts the allegations in the complaint as true. Just as with all allegations in a complaint, what plaintiff alleges DETR or the state district court found or determined is neither binding on nor necessarily admissible in this court.

### C.     Motion for leave to amend complaint (doc. # 28)

Federal Rule of Civil Procedure 15(a)(1) provides that "[a] party may amend its pleading once as a matter of course . . . ." FED. R. CIV. P. 15(a). Federal Rule of Civil Procedure 15(a)(2) addresses when a party may file additional amendments: "In all other cases, a party may amend its pleadings only with the opposing party's written consent or the court's leave." *Id.*

Here, plaintiff filed her second amended complaint without first seeking leave of the court or obtaining defendant's written consent. (Doc. # 23). Plaintiff sought leave of the court only after the fact. (Doc. # 28). However, the court may consider an untimely amended or supplemental pleading served without judicial permission as properly introduced when the court would have granted leave to amend had it been sought. *See Ritzer v. Gerovicap Pharm. Corp.*, 162 F.R.D. 642, 644 (D. Nev. 1995). Although, plaintiff failed to seek leave of the court before filing her second amended complaint; plaintiff sought such leave once she discovered her inadvertence. Thus, the court considers plaintiff's motion on the merits.

"The court should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). The Supreme Court has interpreted Rule 15(a) and confirmed the liberal standard district courts must apply when granting such leave. In *Foman v. Davis*, 371 U.S. 178 (1962), the Court explained: "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment,

---

[9] As a procedural rule this statute is not binding on this court. *See Erie R. Co. v. Tompkins*, 304 U.S. 64, 70, 58 S. Ct. 817, 818, 82 L. Ed. 1188 (1938). However, the court acknowledges the state's policy concern in implementing the NRS 612.533. *See Bradshaw v. Golden Rd. Motor Inn*, 885 F. Supp. 1370, 1375 n.5 (D. Nev. 1995).


futility of the amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Id.* at 182.

Here, the court finds that none of the illustrative examples given by the Supreme Court in *Foman* as grounds to deny leave to be present. Thus, plaintiff's motion for leave to amend complaint (doc. # 28) is granted.

**IV.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Wynn Las Vegas, LLC's motion to dismiss plaintiff Gina Dannenbring's second amended class action complaint (doc. # 24) be, and the same hereby is, GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that defendant Wynn Las Vegas, LLC's motion to strike (doc. # 25) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendant Wynn Las Vegas, LLC's motion for leave to supplement it's motion to dismiss (doc. # 35) be, and the same hereby is, GRANTED.

Lastly, before the court is plaintiff Gina Dannenbring's motion for leave to amend her complaint (doc. # 28) be, and the same hereby is, GRANTED nunc pro tunc as to the date the second amended complaint was filed.

DATED January 23, 2013.

_____
UNITED STATES DISTRICT JUDGE