# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

***

| | |
|---|---|
| GINA DANNENBRING,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>WYNN LAS VEGAS, LLC.,<br><br>　　　　　Defendant. | 2:12-cv-00007-JCM-VCF<br><br>**ORDER**<br><br>**(SEALED Motion To Designate Certain Documents "Confidential" #55, Motion to Redact Docket Nos. 55 and 57 #74, and Stipulated and Proposed Order Regarding Filing Documents 66, 67, and 68 Under SEAL #76)** |

Before the Court is defendant Wynn Las Vegas, LLC's SEALED Motion To Designate Certain Documents "Confidential." (#55). Plaintiff filed an Opposition (#56), and Wynn filed a SEALED Reply (#57). The court held a hearing on May 30, 2013. (#71).

Also before the court is Wynn's Motion to Redact Docket Nos. 55 and 57. (#74). No Opposition was filed.

Also before the court is the parties' Stipulated and Proposed Order Regarding Filing Documents 66, 67, and 68 Under SEAL. (#76).

**SEALED Motion To Designate Certain Documents "Confidential"**

　　**A.　Background**

Plaintiff filed her complaint on January 3, 2012, against Wynn, Las Vegas, NNC, asserting claims for (1) Unlawful Employment Practice in violation of Title VII of the Civil Rights Act, (2) Unlawful Employment Practice in violation of Nevada's Equal Opportunities for Employment Act, (3)

Retaliation, (4) Breach of Implied Covenant of Good Faith and Fair Dealing, (5) Intentional Infliction of Emotional Distress, (6) Negligent Infliction of Emotional Distress, and (7) Failure to Reimburse Expenses Incurred by Agent on Behalf of Principle. (#1). Defendant filed a motion to dismiss on March 8, 2012. (#5). On March 23, 2012, plaintiff filed an amended complaint. (#7). Defendant filed a motion to dismiss the amended complaint (#7) on April 6, 2012. (#9). The parties filed a proposed discovery plan and scheduling order on April 23, 2012. (#13). The court signed the discovery plan on April 24, 2012. (#14).

The court held an Early Neutral Evaluation Conference on May 21, 2012, and the parties did not settle. (#19). The parties filed a stipulated protective order on August 8, 2012 (#20), and the court issued an order on August 10, 2012, granting the protective order and amending it to comply with the court's rules (#21). On August 13, 2012, the court issued an order granting in part and denying in part defendant's motions to dismiss (#5 and #9). (#22). On August 17, 2013, plaintiff filed a second amended class action complaint adding claims under the Fair Labor Standard Act and NRS § 608.140. (#23). On September 4, 2013, defendant filed a motion to dismiss the second amended complaint (#24) and a motion to strike the second amended complaint (#25).

The parties filed a stipulation for extension of time for discovery on September 14, 2012 (#26), and the court entered a amended scheduling order on September 18, 2012 (#27). Plaintiff filed a motion to amend/correct complaint on September 18, 2012. (#28). On December 4, 2012, the parties filed a stipulation for extension of discovery (#43), and on December 7, 2012, the court signed the stipulation and entered a second amended scheduling order (#45). On January 23, 2013, the court entered an order granting in part and denying in part the defendant's motion to dismiss (#24), denying defendant's motion to strike (#25), granting defendant's motion to supplement (#35), and granting plaintiff's motion for leave to amend complaint (#28). (#46).

The parties filed a stipulation to extend discovery on February 7, 2013 (#48), and the court signed the stipulation and entered a third amended scheduling order on February 11, 2013 (#49). Defendant filed an answer to the amended complaint (#23) on February 19, 2013. (#50). The parties filed a stipulation for extension of time to file the instant motion on March 5, 2013 (#51), which the court signed (#52). The parties filed a second stipulation for extension of time to file the instant motion on March 11, 2013 (#53), which the court signed (#54). The defendant filed the instant SEALED motion to designate certain documents confidential on March 18, 2013. (#55). Plaintiff filed an opposition on April 1, 2013 (#56), and defendant filed a SEALED reply on April 11, 2013 (#57). The court held a hearing on May 30, 2013. (#71). On June 3, 2013, Wynn filed a motion to redact Docket Nos. 55 and 57. (#74). No Opposition was filed. On June 5, 2013, the parties filed a Stipulated and Proposed Order Regarding Filing Documents 66, 67, and 68 Under SEAL. (#76).

**B.     Arguments/Discussion**

Wynn asks this court to designate certain documents produced during discovery (#55-1 Exhibit 7) as "confidential," and bases this request on the assertion that the documents (1) contain information related to Wynn's internal security investigation procedures and processes; (2) involve other individuals who are not parties to this current lawsuit; (3) contain customer lists and private customer-related information; and (4) reveal other proprietary information of Wynn that is not generally known to the public. (#55). The plaintiff disputes the confidential nature of these documents, and the parties met and conferred regarding the confidential nature of the documents and were unable to reach an agreement. *Id* (Exhibits 1-4). Defendant proposed to amend the amended protective order (#21) to allow for the filing of confidential documents with dispositive motions or replies thereto with redactions and without the need for the filing of the motion under seal, and plaintiff would not agree. *Id* (Exhibit 4 and 5).

Wynn states in its motion that the plaintiff recognized that certain documents (WD-1952 to WD-1962) contained customer lists and were properly designated as confidential. *Id.* As such, the court will address only the other grounds for a confidential designation listed above. Wynn argues in the motion that it has met its burden under *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) for designating the documents as confidential. (#55). Plaintiff rebuts this argument in its opposition and asserts that Wynn has not satisfied its burden, because it failed to demonstrate "good cause" or "compelling reasons" why the documents should be designated confidential. (#56).

As the court stated during the hearing (#71), the *Kamakana* standard is appropriately applied when a party desires to *file* a document attached to a dispositive or non-dispositive motion under SEAL or use a confidential document *at trial*. *See Kamakana,* 447 F.3d at 1178-80 (holding that "[a] party seeking to seal a *judicial record* then bears the burden of overcoming this strong presumption by meeting the "compelling reasons" standard. ... that is, the party must "articulate[ ] compelling reasons supported by specific factual findings," that outweigh the general history of access and the public policies favoring disclosure ....," and that to justify the sealing of discovery materials attached to non-dispositive motions, a particularized showing of "good cause" is required.)(emphasis added).

Since Wynn does not ask the court to permit it to file under SEAL a document attached to a motion, either dispositive or non-dispositive, or to use a confidential document at trial, rather asks for the court to make the determination of whether the documents were properly designated as "confidential" under the amended stipulated protective order (#21), the court will not address the parties' arguments (#55, #56, and #57) relating to the *Kamakana* standards. The court will instead focus on the arguments as they relate to the amended stipulated protective order (#21).

During the hearing, the parties argued that the court should focus on two separate portions of the amended stipulated protective order (#21): Wynn argued that the first paragraph of Section II

dictates that the documents at issue are properly deemed confidential, and plaintiff argued that Section II(1)(a) defining "Confidential Information" is the applicable section, and that the documents at issue do not fall under this category. (#71). The first paragraph of Section II states that:

> During the course of discovery in this matter, documents and information considered confidential by at least one of the parties may be disclosed, ***including but not limited to:*** medical records; tax and financial records; ***employment records, and personal identifying information related to current and former employees of Defendant and/or third-party individuals who are not parties to this litigation***; information covered by HIPAA; information that would constitute an invasion of privacy as to that individual; ***documents and information related to internal security investigation procedures and processes***, software, and equipment; documents and information related to slot marketing plans and processes, techniques, and software; customer lists and other private customer related information; Defendant's trade secrets; and ***other proprietary information of Defendant that is not generally known to the public and having an economic value to its competitors and/or its customers.*** The parties agree that a protective order is necessary in light of the need to: protect confidential, proprietary, and financial information from public disclosure; the fact that the disclosure of confidential personnel records and information could potentially subject the parties to liability from claims by such non-party employees, former employees, and/or third-party individuals; the disclosure of the confidential personnel records or information of non-party employees, former employees, and third-party individuals could harm such individuals, interfere with other job opportunities or relationships, impact their reputation, and cause them undue embarrassment and/or distress; the obligation to protect the confidential personnel records of nonparty individuals; the need to protect the privacy interests of Defendant's customers; the need to protect Defendant from the harm arising from the disclosure of confidential, proprietary, and trade secret information not generally known to the public and having an economic value to its competitors, ***as well as the sensitive nature of Defendant's confidential internal investigations and security measures, the disclosure of which could harm employees, former employees, and/or third-party individuals; and Defendant's ability to secure data and provide a safe environment.***

(#21)(emphasis added by Wynn). Section II(1)(a) defines "Confidential Information" as "medical records; tax and financial records; employment records; personal identifying information related to current and former employees of Defendant and/or third-party individuals who are not parties to this litigation; information covered by HIPAA; information that would constitute an invasion of privacy as to that individual; documents and information related to Defendant's internal security investigation procedures and processes, software, and equipment; documents and information related to Defendant's

slot marketing plans and processes, techniques, and software; Defendant's customer lists and other private customer-related information; Defendant's trade secrets; and other proprietary information of Defendant that is not generally known to the public and having an economic value to its competitors and/or its customers." *Id*.

The court notes that Section II(1)(a) is the same language (with the exception of the word "Defendant's") contained in the first paragraph of Section II. *Id.* Upon a review of the documents at issue, the court finds that such documents were properly designated as "Confidential" in accordance with the parties' amended stipulated protective order (#21). The first document (WD-1880 to WD-1885) is an "Employee Relations Investigatory Summary" relating to plaintiff's allegation of discrimination, which contains third-party employees' personal information, a summary of the relevant facts and the interviews conducted, and the author's conclusion and recommended action. (#55-1 Exhibit 7 filed under SEAL). The second document (WD-1940 to WD-1980) is the investigation Wynn's security conducted relating to allegations against plaintiff of violating a company policy, and contains all the investigative details, including personal information of plaintiff and a third-party, summaries of interviews, the author's conclusions, plaintiff's voluntary statements, an email from plaintiff relating to the allegations, Wynn's corporate security's interview of plaintiff, and internal emails relating to the investigation of the plaintiff's conduct. *Id.*

The court finds that the documents above were properly designated as "Confidential" under the amended protective order (#21), as they contain "documents and information related to internal security investigation" of plaintiff, "personal identifying information related to current and former employees of Defendant and/or third-party individuals who are not parties to this litigation," and plaintiff's "employment records" as they relate to the investigation into her allegation of discrimination. The court also finds that designating these documents as "Confidential" promotes the purpose of the amended

stipulated protective order (#21) in recognizing "the sensitive nature of Defendant's confidential internal investigations" relating to plaintiff's allegations of discrimination and the allegations of misconduct against plaintiff.  Wynn's motion to designate certain documents "confidential" (#55) is granted.

### C.   Filing Documents Under Seal

#### 1.   Wynn's Motion to Seal (#55)

Pursuant to Local Rule 10-5, "[u]nless otherwise permitted by statute, rule or prior Court order, papers filed with the Court under seal shall be accompanied by a motion for leave to file those documents under seal, and shall be filed in accordance with the Court's electronic filing procedures." As stated above, under *Kamakana,* to justify the sealing of discovery materials attached to non-dispositive motions, a particularized showing of "good cause" is required. *Kamakana*, 447 F.3d at 1180.  To justify the sealing of discovery materials attached to dispositive motions or used at trial, however, a higher threshold is required: a particularized showing that "compelling reasons" support secrecy. *Id.*

Wynn filed the instant motion to designate documents as "confidential" (#55) and the reply (#57) under SEAL *without* filing a motion for leave to file the motion, reply, and attachments under SEAL.  As the court stated during the hearing, the court finds that Exhibit 7 of document #55-1 should remain SEALED, but that the remaining documents (#55, #55-1 Exhibits 1-6, and #57) should be UNSEALED.  During the hearing on the instant motion to seal (#55), the court provided Wynn until Monday, June 3, 2013, at 4:00 p.m. to file proposed redactions for documents #55, #55-1 (except Exhibit 7), and #57. (#71).

On June 3, 2013, Wynn filed a motion to redact Docket Nos. 55 and 57 (#74), proposed redactions to the motion (#55)(#74-1), and proposed redactions to the reply(#57)(#74-2).  Upon a review of the proposed redactions (#74-1 and #74-2), and in the interest of adhering to the Ninth

Circuit's directives in *Kamakana*, 447 F.3d 1180, and plaintiff's privacy rights, the court redacts the motion (#55) as follows:

**- Proposed redaction on Page 6, beginning at Line 2, and ending on Line 5, is approved;**

**- Proposed redactions on Page 7, beginning at Line 1, and ending on Line 6, are <u>not</u> approved, as the redacted portions relate to plaintiff's private information, and she represented to the court that she did not wish to have such information remain confidential (#56); and**

**- Proposed redaction on Page 7, beginning at Line 15, and ending on Line 17, is approved;**

The court redacts Wynn's reply (#57) as follows:

**- Proposed redaction on Page 2, beginning at the end of Line 24, and ending at Line 27, is <u>not</u> approved, as it relates to plaintiff's private information (see above), and generically refers to interviews with third parties about allegations of discrimination, without identifying the third parties;**

**- Proposed redaction on Page 3, Line 1 is approved;**

**- Proposed redaction on Page 3, beginning on Line 4, and ending on Line 8, is approved;**

**-Proposed redactions on Page 3, beginning on Line 9, and ending on Line 14, are <u>not</u> approved, as the redacted portions relate to plaintiff's private information (see above); and**

**- Proposed redaction on Page 5, beginning on Line 6, and ending on Line 7, is approved.**

On or before June 14, 2013, Wynn must re-file the motion (#55), including all Exhibits except Exhibit 7 (making reference to the fact that Exhibit 7 is filed under SEAL), and the reply (#57), redacting the portions approved above *only*. The originally filed motion (including all Exhibits) (#55) and reply (#57) will remain SEALED. Wynn's motion to redact docket nos. 55 and 57 is granted in part and denied in part.

### 2. Plaintiff's Motion to Certify Class (#64)

On May 17, 2013, plaintiff filed a motion to certify class (#64) and three SEALED exhibits (#66, #67, and #68) in support of the motion. Plaintiff did not file a motion for leave of the court to file the exhibits under SEAL as required by LR 10-5. During the hearing held on the motion to designate documents confidential (#55), the court discussed the pending motion to certify class (#64) and the SEALED exhibits (#66, #67, and #68), and held that on or before June 6, 2013, the plaintiff must either file a motion to SEAL the exhibits (#66, #67, and #68) or a stipulation regarding the filing of the exhibits (#66, #67, and #68) under SEAL. (#71). On June 5, 2013, the parties filed a stipulated and proposed order regarding filing documents 66, 67, and 68 under seal. (#76).

The stipulation states that the parties "respectfully requests that the Court allow [p]laintiff to file documents [66], [67], and [68] attached to Plaintiff's Motion for Circulation of Notice of the Pendency of This Action Pursuant to 29 U.S.C. 216(B) [64] under seal." *Id.* The document filed under seal at docket #66 is Wynn Resorts' "Casino Marketing Executive Leadership" Manual. (#66). The documents filed under seal at docket #67 are portions of Wynn Resorts' "Business Processes" and "Policies" Manual. (#67). The document filed under seal at docket #68 is an email chain discussing issuing plaintiff a new cellular phone. (#68). The stipulation does not (1) cite to *Kamakana*, 447 F.3d 1172, (2) provide the court with any grounds to seal the Exhibits, or (3) indicate why redactions of confidential information would not suffice. *Id.* The parties are reminded that under *Kamakana*, the party wishing to seal a *public* records has the burden to demonstrate a particularized showing of either "good cause" or "compelling reasons" to do so. *See Kamakana,* 447 F.3d at 1178-80. The parties have until June 21, 2013, to file an amended stipulation to seal the Exhibits (#66, #67, and #68), providing the court with the appropriate grounds under *Kamakana,* 447 F.3d at 1178-80, for sealing the Exhibits. Failure to do so will result in the court unsealing the Exhibits (#66, #67, and #68).

Accordingly and for good cause shown,

IT IS HEREBY ORDERED that defendant Wynn Las Vegas, LLC's SEALED Motion To Designate Certain Documents "Confidential" (#55) is GRANTED.

IT IS FURTHER ORDERED that Wynn's Motion to Redact Docket Nos. 55 and 57 (#74) is GRANTED in part and DENIED in part, as discussed above.

IT IS THEREFORE ORDERED that, on or before June 14, 2013, Wynn must re-file the motion (#55), including all Exhibits except Exhibit 7 (making reference to the fact that Exhibit 7 is filed under SEAL), and the reply (#57), redacting the portions approved above *only*.

IT IS FURTHER ORDERED that the parties' Stipulated and Proposed Order Regarding Filing Documents 66, 67, and 68 Under SEAL (#76) is NOT APPROVED.

IT IS THEREFORE ORDERED that, on or before June 21, 2013, the parties may file an amended Stipulation To SEAL the Exhibits (#66, #67, and #68), providing the court with the appropriate grounds under *Kamakana,* 447 F.3d at 1178-80, for sealing the Exhibits.  Failure to do so will result in the court unsealing the Exhibits (#66, #67, and #68).

DATED this 7th day in June, 2013.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE